UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ANNA LEVY, an individual; ANNA LEVY in a Representative capacity for her late Husband, Steven Augusta,

Plaintiff,

v.

FCI LENDER SERVICES, INC., a California Corporation; KEVIN PRINCE, in his individual and corporate capacity; MILES FARQUHAR in his individual and corporate capacity; SC FINANCIAL SERVICE, a California Corporation; and DOES 1 to 100, inclusive,

Defendant.

Case No.: 3:18-cv-2725-GPC-WVG

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTIONS TO FILE A FIRST AMENDED ANSWER**

**[DKT. Nos. 38, 39]**

Before the Court are two motions: (1) a motion for leave to file first amended answers by Defendants Miles Farquhar ("Farquhar") and SC Financial Service ("SC") and (2) a motion for leave to file a first amended answer by FCI Lender Services, Inc. ("FCI"). No opposition was filed. Based on the following, the Court **GRANTS** Farquhar and SC's motion as well as FCI's motion for leave to file an amended answer.

/ / /

## I. Background

On October 23, 2018, Anna Levy ("Plaintiff") sued on behalf of herself as an individual as well as in a representative capacity for her late husband in the Superior Court of the State of California for the County of San Diego. ECF No. 1. On November 30, 2018, the case was removed to this Court. ECF No. 1. On December 6, 2018, FCI answered the complaint. ECF No. 5. On December 7, 2018, SC and Farquhar each individually answered the complaint. ECF Nos. 6 and 7. On December 31, 2018, Kevin Prince answered the complaint. ECF No. 9. On April 10, 2019, a scheduling order was filed setting a deadline of May 9, 2019 to file any motions to amend the pleadings. ECF No. 33. On May 2, 2019, Plaintiff filed the first amended complaint. ECF No. 35. Then, on May 9, 2019, SC and Farquhar filed a motion for leave to file first amended answers. ECF No. 38. On the same day, FCI also filed a motion for leave to amend its answer. ECF No. 39. On May 10, 2019, this Court set a briefing scheduling directing Plaintiff to submit any response to these motions by May 31, 2019. ECF No. 40. Plaintiff did not file an opposition. On June 17, 2019, the defendants filed a notice of Plaintiff's failure to oppose their motions. ECF No. 41.

## II. Legal Standard

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." Id.; but see Union Pacific R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991) (In practice, however, courts more freely grant

plaintiffs leave to amend pleadings to add claims than new parties).

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. Foman, 371 U.S. at 182; United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011).

Under local court rules, "[i]f an opposing party fails to file the papers . . . that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Local Civ. R. 7.1(f)(3)(c); see also Dewidar v. Nat'l R.R. Passenger Corp., No. 17CV62-CAB(RBB), 2018 WL 280023, at *3 (S.D. Cal. Jan. 3, 2018) (finding that the court may treat plaintiff's failure to oppose defendant's motion as consent to the motion.)

**III. Analysis**

Farquhar, SC, and FCI seek leave of court to assert the affirmative defenses of (1) lack of proper standing and (2) lack of clean hands. FCI also wishes to add the affirmative defense of equitable subrogation to preserve "at least some or all of the new lenders' security property rights". ECF No. 39 at 7. All three defendants argue that such amendments are liberally allowed, and that denial would be tantamount to depriving the defendants of their ability to fully litigate on the merits.

Even though Plaintiff has failed to file an opposition, and has thus consented to the defendants' motions, the court still considers the Foman factors. There is no undue delay because litigation is currently at a relatively nascent stage. There is also no indication of bad faith or dilatory motive. Additionally, because discovery is in its early stages, there is no danger of prejudice. Finally, the proposed amendments do not appear to be futile.

**IV. Conclusion**

For the foregoing reasons this Court **GRANTS** Defendants' SC and Farquhar unopposed motion and Defendant FCI's unopposed motion for leave to file a first

amended answer.  Defendants shall file their first amended answers within three (3) days from the date of entry of this order.  The hearing date set for July 12, 2019 shall be **vacated.**

IT IS SO ORDERED.

Dated:  June 18, 2019

Hon. Gonzalo P. Curiel
United States District Judge