UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA LEVY, an individual; ANNA LEVY in a Representative capacity for her late Husband, Steven Augusta,<br><br>          Plaintiff,<br>v.<br><br>FCI LENDER SERVICES, INC., a California Corporation; KEVIN PRINCE, in his individual and corporate capacity; MILES FARQUHAR in his individual and corporate capacity; SC FINANCIAL SERVICE, a California Corporation; and DOES 1 to 100, inclusive,<br><br>          Defendants. | CASE NO.: 3:18-cv-02725-GPC-WVG<br><br>**ORDER DENYING DEFENDANTS SOKOLOFF AND EDGEHILL'S MOTION TO STRIKE AND QUASH SERVICE OF SUMMON; DENYING DEFENDANT KS CAPITAL'S MOTION TO DISMISS; AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**[ECF. Nos. 42 and 50]** |

  Before the Court is a motion to strike first amended complaint and to quash service of summons by Defendants Roger Sokoloff ("Sokoloff") and Edgehill Investments, LLC ("Edgehill"), as well as a motion to dismiss from Defendant KS Capital, Inc. ("KS Capital") (collectively "Defendants"). ECF Nos. 42 and 50. Plaintiff Anna Levy ("Plaintiff") filed oppositions to the motions. ECF Nos. 52, 53. Defendants filed their respective replies. ECF Nos. 56, 58. Based on the reasoning below, the Court **DENIES**

1

Defendants' motions and **GRANTS** Plaintiff leave to file an amended complaint.

## Background

On October 23, 2018, Anna Levy, suing on behalf of herself as an individual and in a representative capacity for her late husband, Steven Augusta, filed a complaint in the Superior Court of the State of California for the County of San Diego against Defendants Miles Farquhar ("Farquhar"), Kevin Prince ("Prince"), FCI Lender Services, Inc. ("FCI"), and SC Financial Services ("SC"). ECF No. 1. On November 30, 2018, the case was removed to this Court. Id. On December 6, 2018, FCI answered the complaint. ECF No. 5. On December 7, 2018, SC and Farquhar each individually answered the complaint. ECF Nos. 6 and 7. On December 31, 2018, Prince filed an answer. ECF No. 9.

On April 10, 2019, a scheduling order was filed setting a deadline of May 9, 2019 to file "any motions" to amend the pleadings. ECF No. 33. On May 2, 2019, Plaintiff, without leave of Court, filed a first amended complaint ("FAC") adding Defendants as parties as well as adding additional causes of action. ECF No. 35.

On May 17, 2019, Sokoloff and Edgehill filed a motion to strike the first amended complaint and to quash service of summons. ECF No. 42. On June 28, 2019, KS Capital filed a motion to dismiss for lack of jurisdiction and to strike Plaintiff's FAC and summons. ECF No. 50. On July 5, 2019, Plaintiff filed her opposition to Sokoloff and Edgehill's motion. ECF No. 52. On July 11, 2019, she filed her opposition to KS Capital's motion. ECF No. 53. On July 17, 2019, Edgehill and Sokoloff filed a reply. ECF No. 56. On July 19, 2019, KS Capital filed a reply. ECF No. 58.

## Discussion

Through their motions, Defendants seek dismissal of the FAC against them arguing that Plaintiff did not file a timely motion for leave to file an amended complaint in violation of Federal Rules of Civil Procedure ("Rule") 15, 21 and the Court's Scheduling Order. ECF Nos. 42 and 50. KS Capital additionally avers that because Plaintiff failed to seek leave, she must now move for relief under Rule 16 from the

Scheduling Order so that she may file a motion for leave to file an FAC. Id. Plaintiff's counsel explains that at the case management conference, he indicated he would be filing an amended complaint and based on discussions at the conference, he understood that the deadline to file an amended complaint was May 9, 2019. ECF No. 52-1, Kelsall Decl. ¶ 2. Counsel also misinterpreted the language in the Scheduling Order setting May 9, 2019 as the deadline to file an amended complaint. Id. ¶ 3. Based on this misunderstanding, Plaintiff filed her FAC on May 2, 2019, which was seven days earlier than set in the scheduling order, but without filing a motion seeking leave of court. ECF No. 35. Plaintiff argues that it was an honest misunderstanding and asks the Court to treat the FAC as a request for leave to amend the complaint.

Rule 21 states, in relevant part, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 15(a) also provides that, after the initial period for amendments as of right, pleadings may only be amended by leave of court, which "[t]he court shall freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court's Scheduling Order filed on April 10, 2019 states, "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by May 9, 2019." ECF No. 33. These provisions specify that Plaintiff must seek leave of court to file an amended complaint.

Here, Plaintiff acknowledges her error and asks the Court to construe the filing of the FAC as a motion for leave to file an FAC.

District courts have liberally construed an amended complaint, that was filed without leave of court, as a motion for leave to amend the complaint. See Baker v. G.D. Lewis, No. C 11-3493 LHK(PR), 2012 WL 1932867, at *1 (N.D. Cal. May 29, 2012) (construing the amended complaint as motion for leave to file an amended complaint and a proposed amended complaint); Miller v. LaMontagne, No. 10cv708, WQH-BGS, 2011 WL 7379862, at *1 (S.D. Cal. Apr. 11, 2011) (denying motion to strike and liberally construing the filed first amended complaint as a motion for leave to amend the complaint); Dauven v. George Fox Univ., No. CV 09-305-PK, 2010 WL 6089077, at *24

(D. Or. Dec. 30, 2010) (denying defendants' motion to strike amended complaint because it was filed without leave of court and treating filing of amended complaint as an informal motion for leave to amend). However, in these cases, the plaintiffs were proceeding pro se and courts are required to liberally construe pro se pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (a "document filed pro se is 'to be liberally construed,'"). Despite the liberal construction of pro se pleadings, in this case, although Plaintiff has counsel, Rule 15(a) applies liberally to all plaintiffs in favor of amendments to complaints. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) ("This policy [Rule 15] is 'to be applied with extreme liberality.'"). Plaintiff's counsel acknowledges he erred in failing to seek leave of Court prior to filing the FAC but it was an honest mistake. Because leave to file an amended complaint is freely granted, and in the interest of judicial efficiency, the Court construes the FAC as a motion for leave to file a FAC with a proposed FAC.

In the Ninth Circuit, courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. Ditto v. McCurdy, 510 F.3d 1070, 1078-79 (9th Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Loehr v. Ventura Cnty. College Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend." Hofstetter v. Chase Home Fin., LLC, 751 F. Supp. 2d 1116, 1122 (N.D. Cal. 2010) (citing Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). "Not all of the [Foman] factors merit equal weight. . . . it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC, 316 F.3d at 1052. Unless there is a showing of prejudice, or a strong showing of any other of the Foman factors, a presumption in favor of granting leave to amend exists

under Rule 15(a).  Id.  ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment.").

Here, there is no indication Plaintiff has acted in bad faith.  Second, Sokoloff and Edgehill assert that Defendant FCI Lender Services, Inc. filed a Notice of Party with Financial Interest identifying Roger Sokoloff, and Edgehill Investments, LLC as having a financial interest in the litigation on November 30, 2018.  ECF No. 2.  Yet, Plaintiff waited until May 2, 2019 to file the FAC.  Sokoloff and Edgehill implicitly argue that there was undue delay in seeking the proposed amendment.  In response, Plaintiff explains that the Notice of Party with Financial Interest and the Notice of Removal occurred on the same date, and dealing with the removal of the case to federal court in December 2018 and then being appointed as executor of Steven Augusta's estate by the probate court in March 2019, and attending the case management conference on April 10, 2019 caused Plaintiff to not be aware of the additional parties with financial interest.  While the Court notes that Plaintiff's oversight in noting the parties named in the Notice of Party with Financial Interest caused some delay, it does not constitute "undue" delay.  See Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006) (district court did not abuse its discretion in denying leave to amend when motion for leave to amend was filed nearly 15 months after the plaintiff learned of the facts to support amendment); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) (eight to nine month delay from time of obtaining facts until filing amended complaint was inexplicable and unjustified); but see Yu v. Southland Taste Restaurant Inc., No. C07-2274 PVT, 2007 WL 3306631, at *1 (N.D. Cal. Nov. 6, 2007) (no undue delay as "Plaintiffs waited only five months after the sale of Southland Taste to seek to file the second amended complaint."); B.R. & W.R. v. Beacon Health Options, No. 16-cv-04576-MEJ, 2017 WL 930796 at *2 (N.D. Cal. Mar. 9, 2017) (delay of five months was not undue delay when the action was "still in its incipient stage").  Here, Plaintiff delayed about five months from the filing of the Notice of Party with Financial Interest before

filing the FAC and the litigation is in its nascent stages; therefore, there is no undue delay to the litigation. Next, the amendment does not appear to be futile. Sokoloff and Edgehill admit they have a financial interest in the litigation and KC Capital acknowledges it is the master servicer on the loan transaction at issue. Finally, there appears to be no indication of prejudice against Defendants. Accordingly, the Court DENIES Defendants' motions and GRANTS Plaintiff leave to file a first amended complaint.

## Conclusion

For the forgoing reasons, the Court **DENIES** Sokoloff and Edgehill's motion to strike and quash service of summon and **DENIES** KC Capital's motion to dismiss and **GRANTS** Plaintiff leave to file an amended complaint. Plaintiff shall file her First Amended Complaint within five (5) days of the date of this Order. The hearing set on August 9, 2019 shall be **vacated**.

IT IS SO ORDERED.

Dated: July 31, 2019

Hon. Gonzalo P. Curiel
United States District Judge