UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA LEVY, *an individual and in a Representative capacity for her late husband, Steven Agusta*,<br><br>Plaintiff,<br><br>v.<br><br>FCI LENDER SERVICES, INC., *et al.*,<br><br>Defendants. | Case No.: 18-CV-2725-GPC-WVG<br><br>**ORDER ON DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND AMEND SCHEDULING ORDER NUN PRO TUNC** |

On June 28, 2019, counsel for Anna Levy ("Plaintiff"), Roger Sokoloff ("Sokoloff"), Edgehill Investments, Inc. ("Edgehill Investments"), Kevin Prince, Miles Farquhar, FCI Lender Services, Inc., and SC Financial Service ("Defendants") (collectively, "Parties") telephonically appeared before this Court for a joint status conference pursuant to the Court's June 26, 2019 order (Doc. No. 48).

In relevant part, the Parties discussed the possibility of putting forth a joint motion to stay discovery in this matter in the interest of efficient case development. Because the Parties did not reach consensus on the matter during the conference, the Court's June 28, 2019 order followed (Doc. No. 49). That order expressly required the Parties to (1) meet and confer on the possibility of jointly seeking a discovery stay in the case; and (2) file

1

either a joint motion to stay discovery if the Parties *unanimously* agreed to the stay or, alternatively, a motion to stay discovery if unanimity was not reached. Finally, the Court's order required the Parties to contact Chambers within two business days following Judge Curiel's decision on Sokoloff and Edgehill Investment's then-pending Motion to Strike First Amended Complaint (Doc. No. 42) for purposes of setting a telephonic joint status conference for further case coordination.

On July 16, 2019, Defendants untimely brought a Joint Motion to Stay Discovery and Amend Scheduling Order Nunc Pro Tunc ("Joint Motion"). (Doc No. 54) Plaintiff's opposition to the Joint Motion followed later that day. (Doc. No. 55) On July 17, 2019, Sokoloff and Edgehill Investment's filed their reply to Plaintiff's opposition to the Joint Motion. (Doc. No. 56) The Court hereby GRANTS IN PART and DENIES IN PART the Joint Motion, as set forth below, despite the Motion's failure to comply with the Court's June 28, 2019 order.

As a threshold matter, Defendants improperly styled the instant motion as a "Joint Motion" even though Plaintiff and Edgehill Investments failed to join in the motion. The Court's operative order made clear that the Parties were to only file a *joint* motion if in fact they reached "unanimous agreement." The Parties' submissions to the Court evidence that contention, rather than consensus, resulted from counsel's meet and confer efforts. Indeed, the Parties' could not agree on more minute matters such as whether fact discovery should close on February 5, 2020 or two days thereafter, let alone whether discovery should be entirely stayed. Divisions such as these are rife throughout the Parties' papers and demonstrate a failure to comply with the Court's directive to bring a joint motion only if that motion was truly joint.

Further, Defendants improperly extended beyond the reach of the Court's order by seeking to continue previously set discovery deadlines, rather than seeking to entirely stay discovery. The purpose in staying discovery was to avoid unnecessary duplication of efforts, should Sokoloff and Edgehill Investments later become parties to this action. Permitting discovery to proceed, especially depositions, by extending deadlines does

nothing to address this pressing concern. The Court's June 28, 2019 order was equally unequivocal in its scope and purpose, namely that the Parties meet and confer regarding what the most efficient and productive means forward in this case would be.

The four-month delay in discovery that Defendants presently seek defies the Court's order. The Parties multiplied their non-compliance with the Court's order by also failing to contact this Court's Chambers within two business days of Judge Curiel's July 31, 2019 ruling on Sokoloff and Edgehill Investments' Motion to Strike First Amended Complaint (Doc. No. 63) to enable the Court to set further proceedings in this case after hearing from counsel.

Nevertheless, Defendant's Joint Motion to Stay Discovery and Amend the Scheduling Order Nunc Pro Tunc is GRANTED IN PART and DENIED IN PART. All outstanding written discovery, such as interrogatories, requests for production of documents, and requests for admissions, may be completed. No other written discovery may be initiated. No depositions may be scheduled or taken. All subsequent discovery dates are hereby VACATED and discovery is stayed except as noted immediately above.

Given Judge Curiel's ruling on the Motion to Strike First Amended Complaint (Doc. No. 63), Sokoloff and Edgehill Investments remain in this action and the case must proceed forward as to all represented Parties. Judge Curiel also granted Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 63). As such, the case must open with all defending Parties filing their responsive pleadings to Plaintiff's Second Amended Complaint[1] ("SAC") dated August 5, 2019 (Doc. No. 64). The Court shall timely issue an Order Setting Early Neutral Evaluation Conference and Case Management Conference in this matter once all Parties have answered the SAC.

//

//

---

[1] Plaintiff's SAC appears to be substantively identical to the First Amended Complaint.

**IT IS SO ORDERED.**

Dated: August 12, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge